**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **ZACHARY CAMERON HASTY** | ) | **CHAPTER 13** |
| | ) | |
| | ) | |
| **DEBTOR** | ) | **CASE NO. 25-41324-PWB** |
| | ) | |
| | ) | **JUDGE BONAPFEL** |

**STATEMENT OF MODIFIED PLAN**

Comes now **ZACHARY CAMERON HASTY** and states the following:

1. On Thursday, March 12, 2026, Debtor filed a Modified Plan. The Modified Plan is attached as an Exhibit to this Statement of Modified Plan filed with the Bankruptcy Court.
2. The Modified Plan amends the specified sections(s) of the Plan and changes them as follows;

Amended section 6.1 to correct creditor's name to BCS Rentals, LLC.

3. Any Amendment contained in the Modified Plan that is not set forth in this Statement of Modified Plan will not be effective.
4. Objections to the confirmation of the Modified Plan must be filed with the Court and served on the Debtor, the attorney for the Debtor, and the Chapter 13 Trustee at least seven days before the date set for the hearing on confirmation.

This 12th day of March, 2026

Respectfully Submitted,

/S/ Jeffrey B Kelly__
Attorney for Debtor
GA Bar No.  412798
107 E. 5th Avenue
Rome, GA  30161
(706) 295-0030
(470) 600-7165 (fax)
lawoffice@kellycanhelp.com

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Zachary Cameron Hasty** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number:      25-41324-pwb
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
6.1

## Chapter 13 Plan

**NOTE:** **The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.**

| Part 1: | Notices |
|---|---|

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

**§ 2.1      Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Debtor        __Zachary Cameron Hasty_____        Case number _____

Check one:        ☑ 36 months        ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$1,170.00** per <u>month</u> for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

### § 2.2    Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☑        Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐        Debtor(s) will make payments directly to the trustee.

☐        Other (specify method of payment):

### § 2.3    Income tax refunds.

*Check one.*

☑        Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐        Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐        Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

### § 2.4    Additional Payments.

*Check one.*

☑        **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### § 2.5    [Intentionally omitted.]

### § 2.6    Disbursement of funds by trustee to holders of allowed claims.

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

| Part 3: | Treatment of Secured Claims |
|---|---|

### § 3.1    Maintenance of payments and cure of default, if any.

*Check one.*

Debtor     **Zachary Cameron Hasty**                                Case number

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| **Cross Country Mortgage** | **1042 Summerour Church Rd Crandall, GA 30711  Murray County** | $<u>1,947.00</u> | <u>0.00</u>% | Beginning September 2026, plan payment shall be $82.<u>00 per month.</u> |

**§ 3.2     Request for valuation of security and modification of certain undersecured claims.**

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3     Secured claims to be paid in full.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment.*

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor    __Zachary Cameron Hasty__    Case number    _____

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Capital One Auto Finance | **2021 Nissan Rogue Sport 95,000 miles** | **06/18/2024** | $**20,058.00** | **9.00**% | $**210.00** | **$210 per month. Payments shall increase to $560 per month beginning in September 2026** |
| Capital One Auto Finance | **2016 Jeep Wrangler JK Willys 114,000 miles** | **01/30/2025** | $**14,848.00** | **9.00**% | $**150.00** | **$150 per month. Payments shall increase to $414 per month beginning in September 2026** |

**§ 3.4    Lien avoidance**.

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5    Surrender of collateral.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6    Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of ___**9.00**___ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**§ 4.1    General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3    Attorney's fees.**

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4                            Page 4 of 7

Debtor   __**Zachary Cameron Hasty**__                Case number   _____

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__**5,200**__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__**696.00**__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__**2,500**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__**2,500**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4    Priority claims other than attorney's fees.**

☐       **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐       The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | | |
| | | $ | $ |

☑       The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $**0.00** |
| **Internal Revenue Service** | $**1,200.00** |

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**§ 5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

Debtor  **Zachary Cameron Hasty**  Case number

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2**  **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3**  **Other separately classified nonpriority unsecured claims.**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**§ 6.1**  **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑  **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor: | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| **BCS Rentals, LLC** | **Storage Shed** | $**145.00** | $2**0.00** |

| Part 7: | Vesting of Property of the Estate |
|---|---|

**§ 7.1**  **Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**§ 8.1**  **Check "None" or List Nonstandard Plan Provisions.**

☑  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | Signatures: |
|---|---|

**§ 9.1**  **Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X  **/s/ Zachary Cameron Hasty**  X _____
   **Zachary Cameron Hasty**  Signature of debtor 2 executed on _____

Debtor    **Zachary Cameron Hasty**                    Case number _____

Signature of debtor 1 executed on    **March 12, 2026**

**1042 Summerour Church Rd**
**Crandall, GA 30711**
_____                    _____
Address                City, State, ZIP code         Address            City, State, ZIP code

X   **/s/ Jeffrey B. Kelly**                    Date:  **March 12, 2026**
**Jeffrey B. Kelly 412798**
Signature of attorney for debtor(s)

**Law Office of Jeffrey B. Kelly, P.C.**                **107 E. 5th Avenue**
                                **Rome, GA 30161**
_____                    _____
Firm                        Address            City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| **ZACHARY CAMERON HASTY** | ) | **CHAPTER 13** |
| | ) | |
| **DEBTOR** | ) | **CASE NO. 25-41324-PWB** |
| | ) | |
| | ) | **JUDGE BONAPFEL** |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of March 2026, I electronically filed the foregoing pleadings with the Clerk of Court using the Bankruptcy Court's Electronic Case filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

K Edward Safir, Chapter 13 Trustee
Michael West Evans c/o BCS Rentals, LLC
Eric Smith c/o Nationstar Mortgage, LLC

I further certify that on this day I caused a copy of this document to be served via United States First Class mail with adequate postage prepaid, on the following parties at the address shown for each.

Zachary Hasty
1899 Lower Kings Bridge Rd NE
Dalton, GA 30721

*All creditors on attached matrix.*

This 12th day of March, 2026

/s/Jeffrey B. Kelly____
Attorney for Debtor
Georgia Bar No.  412798
107 E. 5th Avenue
Rome, GA 30161
(678) 861-1127 (Phone)
(470) 600-7165 (Fax)
lawoffice@kellycanhelp.com

Label Matrix for local noticing
113E-4
Case 25-41324-pwb
Northern District of Georgia
Rome
Thu Mar 12 13:25:07 EDT 2026

AdventHealth Gordon
c/o North American Credit Services
PO Box 182221
Chattanooga, TN 37422-7221

BCS Rentals, LLC
P.O. Box 331763
Murfreesboro, TN 37133-1763

Backyard Outfitters
2619 Shorter Ave
Rome, GA 30165-8200

CASCADE CAPITAL FUNDING, LLC
c/o Cascade Receivables Management, LLC
5341 Old Redwood Hwy Suite 210
Petaluma, CA 94954-7127

Capital One Auto Finance
3905 Dallas Parkway
Dallas, TX 75093-7892

Capital One Auto Finance, a division of Capi
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Capital One Auto Finance, a division of Capi
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Capital One Bank USA NA
10700 Capital One Way
Glen Allen, VA 23060-9243

Credit Collection Servic
PO Box 9134
Needham Heights, MA 02494-9134

Credit One Bank
PO Box 98872
Las Vegas, NV 89193-8872

Cross Country Mortgage
309 East Paces Ferry Road NE
Suite 400
Atlanta, GA 30305-2319

CrossCountry Mortgage, LLC
c/o Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas TX 75261-9096

(p)EQUIFAX  INC
1550 Peachtree Street NE
Atlanta, GA 30309

Michael West Evans
Cox Byington Twyman LLP
711 Broad Street
Rome, GA 30161-3015

Experian
PO Box 9701
Allen, TX 75013-9701

First Premier Bank
3820 N Louise Ave
Sioux Falls, SD 57107-0145

Geico General Insurance Co
5260 Western Avenue
Chevy Chase, MD 20815-3799

(p)GEORGIA DEPARTMENT OF REVENUE
BANKRUPTCY
2595 CENTURY PKWY NE SUITE 339
ATLANTA GA 30345-3173

Zachary Cameron Hasty
1899 Lower Kings Bridge Rd NE
Dalton, GA 30721-7021

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Jeffrey Branan Kelly
Law Office of Jeffrey B. Kelly, P.C.
107 E. 5th Avenue
Rome, GA 30161-1725

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

MARINER FINANCE
8110 CORPORATE DR
NOTTINGGHAM, MD 21236-5034

Mariner Finance
8211 Town Center DR
Nottingham, MD 21236-5904

Premier Bankcard, LLC
Jefferson Capital Systems, LLC Assignee
Po Box 7999
St. Cloud, MN 56302-7999

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303-1229

Eric Smith
Aldridge Pite, LLP
3525 Piedmont Rd, N.E., Ste 700
Atlanta, GA 30305-1608

Trans Union
PO Box 1000
Chester, PA 19016-1000

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309

Verizon
by AIS InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Equifax
PO Box 740241
Atlanta, GA 30374-0241

Georgia Department of Revenue
Bankruptcy Section
PO Box 161108
Atlanta, GA 30321-1108

Jefferson Capital Systems LLC
Po Box 7999
St. Cloud, MN 56302-9617

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)BCS Rentals, LLC

(u)CrossCountry Mortgage, LLC

(u)Nationstar Mortgage LLC

End of Label Matrix
Mailable recipients   31
Bypassed recipients    3
Total                 34